IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JACOB W. FORD,

        Plaintiff,

v.                                CIVIL ACTION NO.   3:19-0720

POINT PLEASANT POLICE DEPARTMENT,
SGT. J.D. REYNOLDS,
MASON COUNTY SHERIFF'S DEPARTMENT,
DEPUTY JOHN DOE,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Mason County Sheriff's Department's Motion to Dismiss. ECF No. 4. Also pending is Plaintiff Jacob W. Ford's Motion to Amend Complaint. ECF No. 7. For the following reasons, the Court **GRANTS** the Sheriff's Department's Motion to Dismiss and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Amend.

Plaintiff filed this action in the Circuit Court of Mason County for violations of West Virginia state law and pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth, Fifth, and Fourteenth Amendments. Plaintiff named as Defendants the Point Pleasant Police Department, Sgt. J.D. Reynolds, the Mason County Sheriff's Department, and Deputy John Doe. Thereafter, Defendants removed the action to this Court, and Defendant Mason County Sheriff's Department (the "Sheriff's Department") filed the pending Motion to Dismiss. In its motion, the Sheriff's Department argues, *inter alia*, that it is not a legal entity that can be sued. *Mem. of Law in Supp. of Mot. to Dismiss*, at 3 (citing *Zsigray v. Cty. Comm'n of Lewis Cty.*, No. 2:16-CV-64,

2017 WL 462011, at *2 (N.D. W. Va. Feb. 2, 2017), aff'd sub nom. *Zsigray v. Cty. Comm'n of Lewis Cty., W. Virginia*, 709 F. App'x 178 (4th Cir. 2018) (holding "while West Virginia law authorizes suits against a county commission/council, it does not contain any similar provision for county sheriff's offices. Therefore, while plaintiff may sue the County Commission of Lewis County, he may not sue the Lewis County Sheriff's Office") (other citation omitted)).

In response, Plaintiff filed a Motion to Amend his Complaint. In his motion, Plaintiff states that he "inadvertently named the Point Pleasant Police Department rather than the City of Point Pleasant and inadvertently named Mason County Sheriff's Department rather than Sheriff Gregory Powers. . . . In addition, the identity of Deputy John Doe has been determined to be Deputy Justin Cavender[.]" *Pl.'s Mot. to Am. Compl.* at 2. Therefore, Plaintiff seeks to amend his Complaint to substitute the correct parties. Plaintiff also seeks to add as a defendant the Mason County Commission. Plaintiff represents that the Point Pleasant Police Department and Sgt. J.D. Reynolds do not oppose the amendment. *Id*. at n.1. However, the Sheriff's Department does object.

In support of its position, the Sheriff's Department argues that the Court should deny Plaintiff's motion because the proposed Amended Complaint fails to allege a cause of action against it or, in the alternative, if the Court grants the amendment, it should dismiss the claims against Sheriff Powers and the Mason County Commission. Specifically, the Sheriff's Department contends, *inter alia*, that the allegations against it only contain threadbare recitals of the elements of a cause of action and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For a claim to survive a Rule 12(b)(6) challenge, the Court must look for "plausibility" in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

Although Rule 8 does not demand "detailed factual allegations," a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In this case, Plaintiff alleges that Sgt. Reynolds and Deputy John Doe (Deputy Cavendar) used excessive force against him that resulted in injuries. *Compl.* at ¶2. At the time of the incident, Plaintiff asserts that Sgt. Reynolds was acting in his capacity as a police officer for the Point Pleasant Police Department (the City of Point Pleasant) and Deputy Cavender was acting in his capacity as a police officer for the Mason County Sheriff's Department. *Id*. at ¶¶3, 5. As relevant here, Plaintiff alleges in Count Two that Sgt. Reynolds and Deputy Cavender violated his civil rights and that violation was "caused by implementation of a custom, policy, or official act of the City of Point Pleasant and the Mason County Sheriff's Department, including but not limited to, the custom of utilizing excessive force in the arrest of individuals." *Id*. at Ct. 2, ¶4. In Count Six, Plaintiff further alleges that "The City of Point Pleasant and Mason County Sheriff's Department, created an unreasonable risk of harm to the Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of it's employees, defendants Sgt. J.D. Reynolds and Deputy John Doe." *Id*. at Ct. 6, ¶3. Finally, in Count Seven, Plaintiff also claims that these two Defendants are required to provide adequate training, but failed to do so, creating an unreasonable risk of harm. *Id*. at Ct. 7, ¶¶2, 3. "Specifically, [they] were negligent for failing to adequately train their employees regarding the effective use of force and to not use physical force which was clearly excessive and/or otherwise unjustified in light of the circumstances existing at

the time of the arrest." *Id*. at Ct. 7, ¶3. However, the Court finds these allegations are mere threadbare recitals and conclusory statements that are insufficient to state a plausible claim.

Recently, this Court discussed a similar situation in *Brown v. Mason Cty. Comm'n*, No. CV 3:18-1496, 2019 WL 6654124 (S.D. W. Va. Dec. 5, 2019). In *Brown*, the plaintiff alleged the Mason County Sheriff's Department negligently hired, trained, supervised, and retained a process server. 2019 WL 6654124, at *7. In support of her claim, the plaintiff recounted a number of troubling events in the process server's history "involving unauthorized freelance policework," which were known by the Sheriff's Department. *Id*. at **7, 8. Despite this knowledge, the plaintiff claimed the process server was permitted to continue to work. *Id*. at *7. The plaintiff alleged that, in light of his history, "the Sheriff's Department should reasonably have foreseen a risk to third persons." *Id*. at *8. Given these allegations, the Court found the plaintiff had stated a plausible claim. *Compare with Krein v. W. Virginia State Police*, No. 2:11-CV-00962, 2012 WL 2470015, at *7–8 (S.D. W. Va. June 27, 2012) (declining to dismiss the plaintiff's claim that the "West Virginia State Police failed to exercise reasonable care in the hiring, retention, training, and/or supervision" of a trooper who was alleged to have used "particularly egregious and possibly malicious" excessive force, where an investigation into the trooper's background when he was hired and retained may have revealed he was unfit or presented a foreseeable and unreasonable risk).

To the contrary, however, the Court dismissed the plaintiff's claim for negligent hiring, training, supervision, and retention as to the Mason County Emergency Medical Service (EMS). With respect to the EMS, the plaintiff only made a threadbare accusation that the

"management [was] not . . . adequately trained and/or supervised to properly schedule its vehicles and/or employees." *Id*. (internal quotation marks and citation omitted). The plaintiff offered no factual support for this allegation and simply made a threadbare and conclusory statement. Therefore, the Court dismissed the claim, finding it "is precisely the sort of conclusory legal rhetoric that is routinely subject to dismissal under Rule 12(b)(6) in this District." *Id.* (citations omitted). The Court reached the same conclusion with regard to the plaintiff's claim against the Gallia County EMS. *Id*.

In this case, Plaintiff's lack of factual support aligns with the claims the plaintiff in *Brown* made against the EMS, not the Sheriff's Department. Here, Plaintiff offers no factual support upon which the Court could draw a reasonable inference of liability. Therefore, even if the Court permits a substitution of party for the Sheriff's Department, the claims cannot survive and are subject to dismissal.

Accordingly, the Court **GRANTS** the Sheriff's Department's Motion to Dismiss and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Amend. Plaintiff may file a Second Motion to Amend, with an attached proposed Amended Complaint, that is consistent with this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 29, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE