**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JACOB W. FORD,

Plaintiff,

v. CIVIL ACTION NO. 3:19-0720

POINT PLEASANT POLICE DEPARTMENT,
SGT. J.D. REYNOLDS,
DEPUTY JOHN DOE,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Jacob W. Ford's Second Motion to Amend Complaint. ECF No. 27. For the following reasons, the Court **GRANTS** the motion.

On April 29, 2020, this Court entered a Memorandum Opinion and Order (ECF No. 25), denying without prejudice Plaintiff's first Motion to Amend. In the Memorandum Opinion and Order, the Court explained that Plaintiff sought to amend the parties in his initial Complaint because he "'inadvertently named the Point Pleasant Police Department rather than the City of Point Pleasant and inadvertently named Mason County Sheriff's Department rather than Sheriff Gregory Powers . . . . In addition, the identity of Deputy John Doe has been determined to be Deputy Justin Cavender[.]" *Ford v. Point Pleasant Police Dep't*, Civ. Act. No. 3:19-0720, 2020 WL 2066730, at *1 (quoting *Pl.'s Mot. to Am. Compl.* at 2). Plaintiff also sought to add the Mason County Commission as a Defendant. Although Defendants Point Pleasant Police Department and Sgt. J.D. Reynolds did not oppose the amendment, the Sheriff's Department objected, arguing the

allegations against it were insufficient as a matter of law, irrespective of the substitution of Sheriff Gregory Powers and the addition of the Mason County Commission. *Id*. Although the Sheriff's Department also made a cursory statement that it appears Plaintiff knew the name of Deputy Cavender before the initial Complaint was filed, the Sheriff's Department did not make any specific argument that such knowledge would prevent Plaintiff from substituting Deputy Cavender for John Doe. Instead, its argument focused on the futility of the claims made against it.

Upon review of the Complaint, the Court agreed that the allegations made against the Sheriff's Department were merely conclusory statements and threadbare recitals of the elements of a cause of action and subject to dismissal even if the Court permitted Plaintiff to name Sheriff Powers and the Mason County Commission as Defendants. Therefore, the Court granted the Sheriff's Department's Motion to Dismiss and denied the proposed Amended Complaint as drafted. The Court never addressed Plaintiff's request to substitute Deputy Cavender for John Doe as it was not the focus of the Sheriff's Department's argument. Although the Court denied Plaintiff's Motion to Amend, it did so without prejudice and expressly stated that Plaintiff could file a second motion to amend the Complaint with a revised proposed Amended Complaint consistent with the Court's Memorandum Opinion and Order. *Id*. at *3.

Attached to his Second Motion to Amend Complaint, Plaintiff submitted a proposed revised Amended Complaint in which he substitutes Deputy Cavender for John Doe, revises his allegations, and adds Sheriff Powers and the Mason County Commission as Defendants. Plaintiff does not name the Sheriff's Department as a Defendant. Nevertheless, the Sheriff's Department filed an objection for two reasons: (1) the statute of limitations ran between the time

of the original motion and the Court's ruling and (2) the Court already decided the claims against it were futile, irrespective of naming Sheriff Powers and the Mason County Commission in its place. However, the Court declines to address these arguments because the Sheriff's Department does not have standing to challenge the current motion as it was dismissed from this action and is not named as a Defendant in the second proposed Amended Complaint.

Therefore, upon review and in light of this Court's prior Memorandum Opinion and Order, the Court **GRANTS** Plaintiff's Second Motion to Amend Complaint (ECF No. 27) and **DIRECTS** the Clerk to file ECF No. 27-1 as an Amended Complaint.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 16, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE