IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JACOB W. FORD,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:19-0720

CITY OF POINT PLEASANT,
SGT. J.D. REYNOLDS,
GREGORY POWERS, SHERIFF OF MASON COUNTY, and
DEPUTY JUSTIN CAVENDER,

        Defendants.

**MEMORADUM OPINION AND ORDER**

On July 16, 2020, this Court granted Plaintiff Jacob W. Ford's Second Motion to Amend. ECF No. 27. In his Amended Complaint, Plaintiff added Mason County Sheriff Gregory Powers as a Defendant and substituted Justin Cavender of the Mason County Sheriff's Department for "Deputy John Doe" named in the first Complaint. Now, both Sheriff Powers and Deputy Cavender have filed Motions to Dismiss. ECF Nos. 37, 39. For the following reasons, the Court **DENIES** both motions.

**I.
STANDARD OF REVIEW**

As this Court previously has stated, for a claim to survive a Rule 12(b)(6) challenge, the Court must look for "plausibility" in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

Although Rule 8 does not demand "detailed factual allegations," a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must

be supported by factual allegations." *Id*. It is under these standards that the Court evaluate the allegations made here.

## II.
## SHERIFF POWERS' MOTION TO DISMISS

In his motion, Sheriff Powers argues the claims against him must be dismissed because the allegations do not contain enough factual support. In part, Plaintiff alleges in the Amended Complaint:

> The Defendant, Sheriff Gregory Powers was at all times material to the allegations in this Complaint, acting in his capacity as a Sheriff of Mason County employed by the Mason County Commission and was acting under color of state law. *Am. Compl. Intro.*, at ¶5.
>
> Upon information and belief, . . . Deputy Justin Cavender [has] been involved in numerous other incidents of excessive force, assault, physical violence, and other unlawful acts and abusive practices while acting under color of law and within the scope of [his] respective employment with . . . Sheriff Gregory Powers . . . . *Am. Compl. Statement of Facts*, at ¶10, in part.
>
> Sheriff Gregory Powers, as the supervisor of Deputy Justin Cavender, knew or should have known about these numerous other incidents of excessive force and violence perpetrated by, or participated in, by Deputy Justin Cavender. However, Sheriff Gregory Powers turned a blind eye to the unlawful conduct of Deputy Justice Cavender, thereby allowing him to continue to repeatedly use excessive force and violence toward other individuals, including Plaintiff herein. *Id.* at ¶11.[1]

---

[1]Plaintiff generally repeats these paragraphs throughout his Complaint. *See Am. Compl. Civ. Rights Violation*, at ¶¶6, 7; *Am. Compl. Negl. Supervision*, at ¶¶3, 4; *Am. Compl. Negl. Training*, at ¶¶3, 4. Although not mentioned in Defendant Powers' motion, the Complaint also alleges, in part:

> It is further alleged that the violation of the Plaintiff's constitutional rights were [sic] caused by implementation of a custom, policy, or official act of . . . Sheriff Gregory Powers, including but not limited to, the custom of utilizing excessive force in the arrest of individuals. *Am. Compl. Civ. Rights Violation*, at ¶4.

Sheriff Powers argues the allegations regarding Deputy Cavender's prior acts of excessive force are merely threadbare recitals that cannot survive scrutiny under *Iqbal* and *Twombly*. Therefore, he insists Plaintiff's claims that he knew or should have known about those acts cannot survive. Specifically, Sheriff Powers emphasizes that Plaintiff alleges his claims are based "upon information and belief" that Deputy Cavender engaged in these acts, but Plaintiff failed to recite any specific details about any of these prior acts. Thus, Sheriff Powers asserts the allegations are inadequate.

---

That the defendant[], . . . Sheriff Gregory Power[s] [is] required to supervise the actions of [his] officers. . . . Deputy Justin Cavender [is an] employee[] of defendant[] . . . Sheriff Gregory [Powers], and under the direct supervision and control of . . . Sheriff Gregory Power. *Am. Compl. Neg. Supervision of Am. Compl.*, at ¶2; *see also Am. Compl. Neg. Training*, at ¶2 (with respect to training).

That the defendant[], . . . Sheriff Gregory Powers, created an unreasonable risk of harm to the Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of [his] employee[], . . . Deputy Justin Cavender. *Id*. at ¶6.

That the defendant[], . . . Sheriff Gregory Powers [is] required to adequately train . . . officers. . . . *Am. Compl. Neg. Training*, at ¶2.

That the defendant[] . . . Sheriff Gregory Powers created an unreasonable risk of harm to the Plaintiff by failing to adequately train . . . Deputy Justin Cavender. Specifically, . . . Sheriff Gregory Powers [was] negligent for failing to adequately train [his] employee[] regarding the effective use of force and to not use physical force which was clearly excessive and/or otherwise unjustified in light of the circumstances existing at the time of the arrest. *Id*. at ¶6.

Although "upon information and belief" may be insufficient without additional facts for purposes of a fraud claim under Rule 9 of the Federal Rules of Civil Procedure,[2] the claims here against Sheriff Powers are not for fraud but, instead, they are run-of-the-mill negligent supervision and negligent training claims that fall squarely under Rule 8. As such, they do not have to be pled with a heightened level of particularity under Rule 9. Applying the Rule 8 standard, the Court finds the allegations against Sheriff Powers, assuming their truth, state a plausible claim and are sufficient to survive Defendant Powers' Rule 12(b)(6) challenge. The specific details of events that are demanded by Sheriff Powers are matters best explored through discovery. *See Cottrell on behalf of Estate of Cottrell v. Stepp*, No. 2:18-CV-01281, 2019 WL 1140198, at *3–4 (S.D.W. Va. Mar. 12, 2019) (reviewing substantially similar allegations made in a complaint and denying a motion to dismiss a supervisory liability claim). Thus, the Court **DENIES** Defendant Powers' Motion to Dismiss.

### III.
### DEPUTY CAVENDER'S MOTION TO DISMISS

Turning next to the motion of Deputy Cavender, he states the statute of limitations ran before the Amended Complaint substituting him for "Deputy John Doe" was granted and filed. Therefore, he argues the claims against him must be dismissed. To resolve this issue, the Court considers the procedural history.

---

[2]*See HSBC Bank USA, Nat. Ass'n v. Resh*, No. 3:12-CV-00668, 2013 WL 312871, at *13 (S.D. W. Va. Jan. 25, 2013), (stating "in the ordinary case when the claimant has adequate access to the necessary facts, the claimant may not plead fraud on information and belief nor in a vague manner[,]" yet recognizing even under Rule 9(b) "[a] court should hesitate to dismiss a complaint . . . if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts" (internal quotation marks and citation omitted)).

Plaintiff filed his original Complaint on August 19, 2019, naming "Deputy John Doe" as an employee of the Mason County Sheriff's Department who perpetrated tortious acts against him on February 19, 2018. When Plaintiff filed his first Complaint, he knew Deputy Cavender was at the scene and, in fact, referred to him in paragraph 8, when he alleged: "Sgt. J. D. Reynolds then, for reasons unknown to the Plaintiff, grabbed the Plaintiff and slammed him onto the pavement, causing his head to strike the pavement. Unknown officers from the Mason County Sheriff's Department held the Plaintiff on the pavement face first. The Plaintiff was then arrested for obstructing an officer by Mason County Deputy Justin Cavender." *Compl. Statement of Facts*, at ¶8. As Plaintiff knew he was present, Deputy Cavender argues Plaintiff could have named him as "Deputy John Doe" long before the two-year statute of limitations expired on February 19, 2020.

However, as indicated by Plaintiff, he filed his first motion to amend his Complaint to substitute Defendant Cavender for "Deputy John Doe" on October 18, 2019, which was before the statute of limitations expired. Just prior to filing this motion, the Mason County Sheriff's Department, which was named in the first Complaint, filed a Motion to Dismiss because, inter alia, it was not a proper party to the litigation. Plaintiff agreed with the Sheriff's Department on that point. Therefore, in his Motion to Amend, Plaintiff sought to correct the misnomer and name Sheriff Powers and the Mason County Commission as Defendants.[3] The Mason County Sheriff's Department opposed the amendment as futile.

---

[3] He also sought to substitute the City of Point Pleasant for the Point Pleasant Police Department.

After the statute of limitations ran, the Court agreed with the Sheriff Department's that Plaintiff had failed to state a plausible claim and granted its Motion to Dismiss. *Ford v. Point Pleasant Police Dep't*, No. 3:19-cv-0720, 2020 WL 2066730 (S.D. W. Va. Apr. 29, 2020). Thus, as some of the claims in the proposed Amended Complaint did not survive, the Court denied Plaintiff's Motion to Amend without prejudice. *Id*. The Court never specifically addressed Plaintiff's request to substitute Deputy Cavender for "Deputy John Doe" as it was not the focus of the Sheriff's Department's motion. Nevertheless, it was clear that Plaintiff alleged in his proposed Amended Complaint that "Deputy John Doe" was Deputy Cavender and, in fact, the Court referred to "Deputy John Doe" as Deputy Cavender in the Memorandum Opinion and Order.

Although deciding that the claims against the Mason County Sheriff's Department were subject to dismissal, the Court expressly permitted Plaintiff to file a Second Motion to Amend, with a revised proposed Amended Complaint, consistent with the Court's Memorandum Opinion and Order. *Id*. at *3. Thereafter, Plaintiff revised the allegations in his first Amended Complaint, omitting the Sheriff's Department, adding Sheriff Powers, and substituting Deputy Cavender for "Deputy John Doe." The Sheriff's Department then objected to Plaintiff's Second Motion to Amend. However, the Court declined to address the Sheriff Department's arguments because it was no longer a party to the matter, and it did not have standing to challenge Plaintiff's motion. *Ford v. Point Pleasant Police Dep't*, No. 3:19-cv-0720, 2020 WL 4018286, at *1 (S.D.W. Va. July 16, 2020). The Court then granted Plaintiff's motion, and the Amended Complaint was filed on July 16, 2020. *Id*. at *3.

Defendant Cavender now asserts Plaintiff is attempting to "shoehorn" him into the action after the statute of limitations has run. The Court disagrees. Here, Plaintiff indisputably moved to substitute Deputy Cavender for "Deputy John Doe" prior to the expiration of the statute of limitations. As previously mentioned, the Court did not address the substitution of Deputy Cavender in its earlier decision because it simply was not the focus of the Mason County Sheriff's Department's arguments. Based upon the arguments that were raised by the Sheriff's Department, the Court found the claims against it could not proceed. However, the Court expressly permitted Plaintiff to revise his proposed Amended Complaint to address the deficiencies the Court found, which is precisely what Plaintiff did. The Court always had every intention of allowing the substitution of Deputy Cavender for "Deputy John Doe."

To the extent there was uncertainty created by the Court's decision to wait to allow the substitution until after the claims against the Mason County Sheriff's Department were resolved and a revised Amended Complaint was filed, the Court hereby exercises its inherent authority and **MODIFIES** the April 29 Memorandum Opinion and Order to **GRANT, in part,** Plaintiff's original Motion to Amend Complaint (ECF No. 7) to the extent Plaintiff sought to substitute Deputy Cavender for "Deputy John Doe." As the original motion seeking that amendment was filed before the statute of limitations expired, the Court finds the substitution timely and **DENIES** Defendant Cavender's Motion to Dismiss. *See Angles v. Dollar Tree Stores, Inc.,* 494 F. App'x 326, 330 (4th Cir. 2012) (stating "courts have generally concluded that when a motion for leave to amend is later granted, the amended complaint is deemed timely even if the court's permission is granted after the limitations period ends"). As the Court granted Plaintiff's

motion to file a further revised Complaint on July 16, 2020, which includes the claims against Deputy Cavender, it is that Amended Complaint that is the current operating Complaint.

## III.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** both Mason County Sheriff Gregory Powers' and Justin Cavender's Motions to Dismiss. ECF Nos. 37, 39.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 25, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE